(Decided 1st March, 1877.)

---

THE AMERICAN COAL COMPANY *vs.* THE CONSOLIDA-TION COAL COMPANY and THE CUMBERLAND AND PENNSYLVANIA RAILROAD COMPANY.

*Corporation—Constitutional law—Question as to the right of the Legislature to reduce the tolls authorized to be charged by a Railroad Company under a charter containing a reservation of the right to alter, repeal or annul—Injunction to restrain the charge of excessive tolls.*

Where in the original charter of a Railroad Company the Legislature expressly reserved the power to alter, repeal or annul the charter at pleasure, the question whether a proposed amendment of the charter is wise or consistent with the public interests and with the prosperity of the company, is one which by the charter is made to depend upon the wisdom and discretion of the Legislature, and is not a question to be determined by the Courts.

This construction of the terms of the charter is part of the contract, and all parties dealing with the company, acquire and hold their rights, subject to the reserved power of the Legislature, to alter, repeal or annul the charter at its pleasure.

And the Court cannot presume that the power will be exercised by the Legislature arbitrarily or unjustly.

In the original charter of the Cumberland and Pennsylvania Railroad Company, the Legislature expressly reserved the power to alter, repeal or annul the charter at pleasure. By the Act of 1876, ch. 64, modified by the Act of 1876, ch. 80, the rates of toll authorized to be charged by said company were reduced. HELD:

That the Act of 1876, ch. 64, was a constitutional and valid law, and that the railroad company could not lawfully exact or receive higher rates for transportation than that Act provides. And that the Act of 1876, ch. 80, was also free from constitutional objections.

On a bill filed by the American Coal Company against said railroad company, for an injunction, prohibiting the latter from demanding or receiving from the complainant higher rates for transporting coal over the road of the defendant, than were fixed and prescribed by the said Act of 1876, ch. 64, it appeared that the complainant, which was a coal mining company, with its tram-road connecting with the railroad of the defendant, and depending entirely upon the latter for the means of transporting its coal to market, was specially damaged by the illegal exactions by the defendant of excessive freights. HELD:

That the complainant was entitled to an injunction as prayed.

APPEAL from the Circuit Court for Allegany County.

The case is sufficiently stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, GRASON, MILLER, ALVEY and ROBINSON, J.

*Wm. Walsh* and *Thomas J. McKaig,* for the appellant.

The objection that the Act of 1876, altering the rates, does not bind the railroad, without the consent of the corporation, is wholly untenable. The charter reserves the right to the Legislature to alter, amend, or repeal at its pleasure, and the contract is that the corporation has already consented in advance, to any alteration or amendment that may be made within the general scope of the reserved power. And all parties having derivative interests under the corporation as lessees, mortgagees, creditors, &c., have notice of the terms of the charter in law, and take their rights subject to the power of the Legislature. It would be absurd to reserve the power, and let the corporation evade it by contracting a debt. One of the most

obvious reasons for which the right is reserved is to compel an unwilling corporation to perfect and extend its connections, to regulate its charges, &c., so as to accommodate the public interest as circumstances may require from time to time. The tolls and rates for transportation may be limited under such a reservation. *Mayor, &c. vs. Norwich & Worcester R. R.*, 109 *Mass.*, 103; *Olcott vs. The Supervisors*, 16 *Wall.*, 678, 694; *Pa. College Cases*, 13 *Wall.*, 190; *Zabriskie vs. Hackensack & N. Y. R. R. Co.*, 6 *Am. Law Rep. N. S.*, 421; *Sherman vs. Smith*, 1 *Black, U. S.*, 587; *Com. vs. Fayette Co. R. R.*, 55 *Pa. St.*, 452; *Oliver Lee & Co. vs. Bank*, 7 *Smith N. Y.*, 9; *Baily vs. Hollister*, 26 *N. Y.*, 112; *Hyatt vs. McMahon*, 25 *Barb.*, 457; *Stevens vs. Smith*, 29 *Vermt.*, 160; *Pratt vs. Brown*, 3 *Wis.*, 603; *Kenoho R. R. vs. Marsh*, 17 *Wis.*, 13; *Whiting vs. Fondulac R. R. Co.*, 25 *Wis.*, 570; *Atty. Gen. vs. R. R. Co*, 35 *Wis.*, 425.

The remedy of injunction on final hearing lies for any party specially injured by this illegal combination between the appellees complained of. The wrong is repeated and continuing, and the damages can only be estimated by conjecture in some respects; and where they can be estimated, the remedy at law is doubtful, at least in Maryland, where the Court has said that excessive freight charges, even if paid under protest, cannot be recovered back; and the appellees are corporations deriving their powers from statutory grants, and exceeding them. *Hodges on Railroads*, 3rd ed., *p.* 751; *Perrine vs. Del. & Ches. C. Co.*, 9 *How.*, 172; *Campbell, et al. vs. M. & C. R. R. Co.*, 23 *Ohio St.*, 168; *Danford vs. Railroad Co.*, 24 *Pa. St.*, 378; *Com'r vs. Erie & N. E. R. Co.*, 27 *Pa. St.*, 339; *W. & F. R. R. Co. vs. Clarion, &c.*, 54 *Pa. St.*, 28; *Baxendale vs. North Devon R. Co.*, 3 *C. B.*, *N. S.*, 324; *Baxendale vs. Great Western R. R. Co.*, 5 *C. B.*, *N. S.*, 309; *Pickford vs. Grand Junct. R. R. Co.*, 3 *Ra. Cas.*, 538; *Mayor, &c. vs. Chorby Water Works*, 2 *De Gex, M. & G.* 860;

*Thompson vs. N. & H. R. R. Co.*, 3 *Sandf. Ch.*, 653; *Rogers' Locomotive Works vs Erie, &c.*, 5 *C. E. Green*, 379; *Cornings vs. Troy*, 40 *N. Y.*, 191; *Ewell vs. Greenwood*, 26 *Iowa*, 377; *Green vs. Oakes*, 17 *Ill.*, 247; *Craig vs. People*, 47 *Id.*, 47; *Vincent vs. Chicago, &c.*, 49 *Id.*, 33; *Smith vs. Lockwood*, 13 *Barb.*, 209; *Attorney General vs. Johnson*, 2 *Wils. Ch.*, 87; *Attorney General vs. Forbes*, 2 *M. & Cr.*, 123.

*John P. Poe, J. H. Gordon* and *Wm. Pinkney Whyte,* for the appellees.

The complainant has stated no sufficient ground of action against the defendants or either of them, because the injury complained of, if a wrong at all, is a public grievance, from which the complainant does not, upon its own showing, suffer any special and particular damage, different not merely in degree, but also in kind, from that experienced in common with other citizens—and that, therefore, according to settled principles of law, such grievance can only be remedied by a direct proceeding on the part of the State, and not by private action, either at law or in equity. *Irvin vs. Dixion*, 9 *Howard*, 27, *and cases there cited; Houck vs. Wachter*, 34 *Md.*, 265; *Buck Mountain Coal Co vs Lehigh Nav. Co.*, 50 *Penna. State Rep.*, 91; *Morris & Essex R. R. Co. vs. Prudden*, 20 *New Jers. Eq.*, 537.

Even if the grievance complained of is one for which a private action by an individual might be maintained, the complainant has a plain, complete and adequate remedy at law, and that no such irreparable damage is averred or proved, as is necessary to be shown, in order to justify the intervention of a Court of Equity. *Irvin vs. Dixion*, 9 *Howard*, 27; *Banks vs. Busey*, 34 *Md.*, 439; *Rogers Loc. & M. Co. vs.' Erie Railway Co.*, 20 *N. J.*, (*Eq.*,) 379; *Amelung vs. Seekamp*, 9 *G & J.*, 468.

The Acts of 1876, ch. 64 and ch. 80, upon which the appellant's case depends, are unconstitutional and void.

*a.* Because they impair the obligation of contracts.

*b.* Because they deprive the bondholders and stockholders of the Cumberland and Pennsylvania Railroad Company of their property, without due process of law.

*c.* Because they take private property for public use, not only without just compensation, but without any compensation whatever. *Dartmouth College vs. Woodward,* 4 *Wheaton,* 515 ; *Wilmington R. R. Co. vs. Reid,* 13 *Wall.,* 226 ; *Holyoke Co. vs. Lyman,* 15 *Wall.,* 511 ; *Humphrey vs. Pegues,* 16 *Wall.,* 247 ; *Pac. R. R. Co. vs. Maguire,* 20 *Wall.,* 42 ; *Sage vs. Dillard,* 15 *B. Monroe,* 353 ; *Commonwealth vs. Essex Co.,* 13 *Grey,* 253 ; *Commissioners vs. Holyoke Co.,* 104 *Mass.,* 451 ; *Allen vs. McKean,* 1 *Sumner,* 277 ; *Miller vs. Railroad Co.,* 21 *Barb.,* 517 ; *State vs. Adams,* 44 *Mo.,* 570 ; *Zabriskie vs. Railroad Co.,* 3 *C. E. Green,* 180 ; *Railroad Co. vs. Veazie,* 39 *Maine,* 572 ; *Yeaton vs. Bank of Old Dominion,* 21 *Grattan,* 593 ; *Bronson vs. Kinzie,* 1 *Howard,* 311 ; *Woodruff vs. Trapnell,* 10 *Howard,* 190 ; *Carran vs. Arkansas,* 15 *Howard,* 304 ; *McCrackan vs. Hayward,* 2 *Howard,* 608 ; *Hawthorn vs. Calef,* 2 *Wallace,* 10 ; *Von Hoffman vs. Quincey,* 4 *Wallace,* 458 ; *Tomlinson vs. Jessop,* 15 *Wallace,* 457 ; *Barings vs. Dabney,* 19 *Wallace,* 8 ; *Fletcher vs. Peck,* 6 *Cranch,* 87 ; *Durfee vs. Old Colony,* 5 *Allen,* 247 ; *Green vs. Biddle,* 8 *Wheaton,* 84 ; *West River Bridge vs. Dix,* 6 *Howard,* 516 ; *Pumpelly vs. Green Bay Co.,* 13 *Wallace,* 166 ; *Balt. & Pot. R R. Co. vs. Reaney,* 42 *Md.,* 133 ; *Wynehamer vs. The People,* 13 *New York,* 392 ; *State Freight Tax Case,* 15 *Wall.,* 278 ; *State vs. Cumb. & Penna. R. R. Co.,* 40 *Md.,* 46 ; *Boyle vs. Phila. & Read. R. R. Co.,* 54 *Penna. St. Rep.,* 310 ; *Bardstown & Louisville R. R. Co. vs. Metcalf,* 4 *Met., (Ky.,)* 208 ; *Bank vs. Egerton,* 30 *Vermont,* 182 ; *Beardsley vs. Ontario Bank,* 31 *Barb.,* 625 ; *Hall vs. Sulliman R. R. Co.,* 22 *Law Rep.,* 138 ; *Troy, &c. R. R. Co. vs. Kerr,* 17 *Barb.,* 581.

Whatever the law may be elsewhere, in Maryland at least, it must be regarded as settled, since the decision in

*Houck vs. Wachter*, 34 *Md.*, 265, that the obstruction of a highway is a *common* nuisance, and being a wrong of a public nature, the remedy is by indictment. It is not in itself the ground of an action by an individual, unless he has suffered from it some special and particular damage, different not merely in degree, but different also in kind, from that experienced in common with other citizens. *Irwin vs. Dixon*, 9 *Howard*, 10 ; (*See cases cited in Court's opinion*, 27, 28 ;) *Buck Mountain Coal Co. vs. Lehigh Coal & Navigation Co.*, 50 *Pa. State Rep.*, 91      .

To authorize the intervention of a Court of equity in applications for injunctions, the settled rule in Maryland is, that the bill must show a cause of irreparable injury, and the facts must be stated, so that the Court may judge whether the wrong is irreparable except by means of the specific relief prayed. If the injury is capable of other adequate redress, then equity has no jurisdiction. For this principle, no array of authorities need be cited.

*Amelung vs. Seekamp*, 9 *G. & J.*, 468, has always been followed as the leading case in Maryland on the subject.

(Other points were discussed at length on both sides, but are omitted, the same not having been passed upon in this case.—REPORTER.)

BARTOL C. J., delivered the opinion of the Court.

The bill of complaint in this case was filed by the appellant, and prays that the appellees may be enjoined and prohibited from demanding or receiving from the appellant higher rates for transporting coal over the road of the Cumberland and Pennsylvania Railroad Company, than are fixed and prescribed by the *Act of* 1876, *ch.* 64. Some of the questions involved in this appeal are the same as those which have been considered in the case of *The State vs. The Consolidation Coal Company*, at the present term ; and the decision of that case in a great measure governs and concludes this.

We have there decided.

*1st.* That the deed dated March 2nd 1876, from the Cumberland and Pennsylvania Railroad Company to the Consolidation Coal Company, was inoperative and void, for the want of power and authority in the railroad company under its charter to make it.

*2nd.* That the latter is a subsisting corporation, vested with the title to its franchises and property, and charged with the performance of its duties and obligations to the public, in the same manner as if the deed had not been executed.

*3rd.* That under the reservation in the act of incorporation, the Legislature has the power to alter or amend the charter of the company, and that the *Act of* 1876, *ch.* 64, was passed in the exercise of that power and is valid, unless for the reasons assigned by the appellees in this case it is unconstitutional.

The question of the constitutionality of the Act was not passed upon in the case of the *State vs. The Consolidation Coal Company.* In this case the constitutionality of that Act and of the Act of 1876, ch. 80, is assailed by the appellee upon the alleged ground that they are laws impairing the obligation of a contract, prohibited by the Constitution of the United States, and because they are alleged to be repugnant to the provision of the same Constitution, which declares that no State shall deprive any person of life, liberty or property without due process of law, and it is further alleged that they are in violation both of the Constitution of this State and of the United States, which forbid private property to be taken for public use without just compensation.

These objections are based on the alleged fact, that the reduction of the rates of toll and prices of transportation on the railroad prescribed by the Act of 1876, ch. 64, is unjust and unreasonable, and would operate, if enforced, to diminish the revenue and receipts of the company to

such an extent, as would be most disastrous to the company, and would prevent it from maintaining the road in a complete, and thorough condition of efficiency and repair, so as to perform its obligations to the public, pay interest on its large bonded debt, and return a fair and proper dividend to its stockholders. It is argued that the power of amending the charter reserved by the Legislature, must be construed as limited by the above considerations, and that the question of what are reasonable rates for transportation is not one to be determined by the Legislature, but is a judicial question to be decided by the Court.

The question of the limitation on the power of the Legislature, under a reservation such as that contained in the charter of the Cumberland and Pennsylvania Railroad Company, is one of much interest and importance. It is now pending before the Supreme Court of the United States, but has not yet been decided. In the absence of a decision by that Court of last resort, we are compelled to express our opinion upon it, as it is presented by the record, and is essential to the determination of the present appeal. In the original charter of the railroad company the Legislature expressly reserved the power to alter, repeal or annul the charter at its pleasure.

Under this provision, it seems to us, that the question whether a proposed amendment of the charter is wise, or consistent with the public interests, and with the prosperity of the company, is one which, by the charter, is made to depend upon the wisdom and discretion of the Legislature, and is not a question to be determined by the Courts. Such in our opinion is the true construction of the terms of the charter.

It is part of the contract, and all parties dealing with the company acquire and hold their rights, subject to the reserved power of the Legislature to " *alter*, repeal or annul the charter at its pleasure."

American Coal Co. *vs.* Consolidation Coal Co., *et al.*

The Court cannot presume that the power will be exercised by the Legislature arbitrarily or unjustly.

It follows that in our opinion the Act of 1876, ch. 64, is a constitutional and valid law, and that the railroad company cannot lawfully exact, or receive higher rates for transportation than that Act prescribes.

And for the same reasons we think the Act of 1876, ch. 80, is free from constitutional objections.

The decision of these questions determines the legal rights of the parties in this case. It only remains to consider whether the appellant is entitled to relief by injunction as prayed, and of this we think there can be little question or doubt. It is said by the appellees that the grievance complained of is of a public nature; but it clearly appears that the appellant, which is a coal mining company, with its tram-road connecting with the railroad of the appellee and depending entirely upon the latter, for the means of transporting its coal to market, is specially damaged by the illegal exactions by the railroad company of excessive freights. This grievance is constantly occurring, and there is no adequate remedy at law. It has been decided that excessive freight charges, even if paid under protest, cannot be recovered back. *Potomac Coal Co. vs. The Cumberland and Pennsylvania Railroad Co.*, 38 *Md.*, 226. Several authorities have been cited by the appellant in support of the jurisdiction of a Court of equity to grant relief in cases of this kind; but without referring to them more particularly, we think it very clear that the injunction ought to be issued as prayed. To that end the *pro forma* decree of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*

(Decided 1st March, 1877.)