DUKE BOND *vs.* THE MAYOR AND CITY COUNCIL
OF BALTIMORE ET AL.

*Constitutional law*: *title and subject of statutes; Ch.* 110 *of the
Acts of* 1910; *Jones' Falls Highway in Baltimore City;
Taking of private property for public use; land
"adjacent to—" proposed improvements;
"excess condemnation."*

Chapter 110 of the Acts of 1910 authorizing the issuance of
stock by the M. & C. C. of Baltimore for the opening,
constructing and establishing of a public highway in Balti-
more, over, along and near Jones' Falls (and the city ordi-
nance of June 13, 1910, passed in pursuance thereof) is con-
stitutional and valid.                                    p. 690

The act itself and the title deal with one subject and but one,—
The Jones Falls Highway or Improvement; and it is suffi-
ciently described in the title, to satisfy the requirements of
the Constitution, Article 3, section 29.                  p. 688

The title of a statute must sufficiently describe the subject-
matter, but need not give an abstract of its contents.   p. 688

The "other improvements, etc.," mentioned in the act relate to
the new highway and its diversion and connections with the
cross streets in connection therewith.                    p. 687

The act does not authorize the taking of private property for
any but a public purpose.                                 p. 689

The validity of the power given by the act to acquire land
adjacent to the highway on either or both sides thereof, inci-
dent to and for the purpose of the construction of the high-
way and its connections, sustained.                       p. 689

It will not be assumed that the city will undertake to con-
demn or take property for purposes other than those author-
ized by the act; the presumption is that the city will act
within its rights and not beyond them.                    p. 690

*Decided November 24th, 1911.*

Appeal from Circuit Court No. 2 of Baltimore City (Gor-
ter, J.).

The cause was argued before Boyd, C. J., Briscoe,
Pearce, Burke, Thomas, Pattison and Urner, JJ.

*Robertson Griswold* and *Charles A. Marshall,* for the
appellant.

*S. S. Field,* for the appellee.

Briscoe, J., delivered the opinion of the Court.

On the 26th of July, 1911, the appellant filed a bill in
Circuit Court No. 2 of Baltimore City, against the appellees,
for an injunction, upon the averments and for the purposes,
set out, in the bill of complaint.

The object of the bill, was to restrain and enjoin the appel-
lees from selling certain stock of the City of Baltimore, for
the improvement of Jones' Falls, in that city, and known,
as "the Jones' Falls Improvement Loan."

The bill charges, that both the Act of Assembly (1910,
Chapter 110), and the ordinance of the Mayor and City
Council of Baltimore, approved June 13th, 1910 (Ordinance
No. 555), authorizing the issuance of this stock by the city,
are unconstitutional, and the stock thus issued under the
act, and ordinance being unauthorized would be illegal and
of no effect.

A demurrer filed by the appellees to the bill was sus-
tained and the bill dismissed by the Court below, and it is
this ruling of the Court that is now before us for review, on
this appeal.

The invalidity and unconstitutionality of the Act of
Assembly and of the ordinance in question, authorizing the
stock issue are urged and based upon two grounds:

1. The act is alleged to be unconstitutional because, it is
in conflict with Article 3, section 29 of the Constitution of
Maryland, which directs that every law enacted by the Gen-

eral Assembly shall embrace but one subject and that shall be described in its title.

2. Because it authorizes the taking of private property for uses other than public, and is therefore in conflict with section 40 of Article 3 of the Constitution, which provides that the General Assembly shall enact no law authorizing private property to be taken for public use, without just compensation as agreed upon between the parties or awarded by a jury, being first paid or tendered to the party entitled to said compensation.

The validity of the ordinance is also assailed upon the same grounds that are made to the Act of Assembly, with the additional objection, that the ordinance attempts to create a debt on the part of the Mayor and City Council of Baltimore, which debt has never been authorized by the General Assembly, and is in direct violation of section 7 of Article 11, of the Constitution of Maryland.

The first inquiry, then, resolves itself to this, does the Act of the Legislature, here attacked, embrace more than one subject and is the subject-matter of the Act of Assembly properly described in its title.

The act, in question, is entitled, "An Act to authorize the Mayor and City Council of Baltimore to open, construct and establish a public highway in the City of Baltimore, over, along and near Jones' Falls, in the City of Baltimore, and to acquire by purchase or otherwise, the property in and adjacent to said highway, and to dispose of property so acquired not in bed of said highway, and to protect, establish and construct such other highways, public improvements or reservations as may from time to time be authorized and approved by ordinance of the Mayor and City Council of Baltimore; and to authorize the Mayor and City Council of Baltimore to issue its stock to an amount not exceeding one million ($1,000,000) dollars, in order to provide the money for carrying into effect the improvements and plans above mentioned and authorizing, and to authorize the submission

of an ordinance to that end to the legal voters of the City of Baltimore, and to authorize the delegation by the Mayor and City Council of Baltimore to the 'Commissioners on City Plan,' of any of the powers conferred on said Mayor and City Council of Baltimore by Chapter 166 of the Acts of Assembly of 1908."

Section 1 of the act provides that the Mayor and City Council of Baltimore be and it is hereby authorized and empowered to open, construct and establish a public highway in the City of Baltimore, beginning at or near the northerly end of the city docks and running thence northerly along, adjoining or over the bed of Jones' Falls, with a division or divisions from said falls, and with connection with streets crossing said highway, or running near it, to Mt. Royal avenue at or near its junction with Oliver street or Guilford avenue, and to acquire for said purposes landed or other property in the bed of said highway and adjacent thereto on either or both sides thereof.

Section 2 declares that before proceeding to open and construct the highway, including the acquiring of property adjacent thereto, the Mayor and City Council of Baltimore shall by ordinance provide therefor and there shall be designated upon a proper plat the property, landed or other, that is to be acquired in, along or adjacent to the highway.

Section 3, in substance, authorizes and empowers the Mayor and City Council of Baltimore to delegate to the commission known as "the Commission on City Plan" the duty and power of constructing the highway, and to confer by ordinance on the commission the power to condemn and acquire by purchase or condemnation the lands and property mentioned in the last preceding section of the act, and such other powers possessed by the Mayor and City Council of Baltimore relating to the subject-matter of the act.

Section 4 provides that any landed or other property acquired under the provisions of this act, excepting lands lying in the bed of said highway, may, after said highway has been laid out, be sold by the Mayor and City Council of

BOND vs. M. & C. C. OF BALTIMORE.    687

Md.]                    Opinion of the Court.

Baltimore or said commission, if power to make such sales be, as it may be, delegated by ordinance to said commission for such prices, at such times and on such terms as may by ordinance be provided. The moneys arising from such sales are to be paid into the city treasury and kept apart as a separate fund to be known as "Commission on City Plan Fund," and are to be exclusively used by said "Commission on City Plan" for such public improvements as may be approved by said commission and authorized by ordinance of the Mayor and City Council of Baltimore.

The 5th section provides for the funds for the opening, constructing and establishing of the highway and purchasing and acquiring the property for the highway authorized by section 1 of the act.

It will be thus seen, from an examination of the title of the act and of the act itself, that the subject-matter of the legislation proposed by the act is the construction and establishment of a public highway in the City of Baltimore over, along and near Jones' Falls in that city, and to acquire property for the purposes of the Jones' Falls improvements.

The title of the act and the act itself practically deal with but one subject, and that is the Jones' Falls highway or the Jones' Falls improvement.

The "other highways, public improvements and reservations without limitation or qualifications" mentioned in the seventh (7) paragraph of the bill, as being authorized by the act, manifestly relate to the main highway and the diversions and the cross streets in connection therewith.

Section 1 authorizes property to be acquired only for the purpose of constructing a highway and connecting it with other highways.

The city is not only empowered by section 1 to construct and establish a public highway along, adjoining or over the bed of Jones' Falls, with a diversion or diversions (divisions) from said falls, but "with connection with streets crossing the highway or running near it to Mt. Royal avenue at or near its junction with Oliver street or Guilford ave-

nue." And for these purposes, which is for the establishment of the public highway over Jones' Falls and making its connections, the city is authorized by the act, to acquire landed or other property in the bed of the highway and adjacent thereto on either or both sides thereof.

We think the act here in question is free from the objection here urged against it. It embraces but one subject, and this subject is sufficiently described in the title to satisfy the requirements of the Constitution (Article 3, section 29) which is here invoked against it.

It would be needless to review the numerous authorities and the many cases in this Court upon this provision of our Constitution, but we will rest this decision upon the case of *Worcester Co.* v. *School Commissioners,* 113 Md. 309, where many of the cases are collected and reviewed.

In *Phinney* v. *Sheppard,* 88 Md. 637, it is said, this section has been before this Court a great number of times. It has been invariably held to mean that the title shall sufficiently describe the subject-matter of the legislation, but that it need not give an abstract of the contents of the act. The primary object of the provision undoubtedly is to exclude all foreign, irrelevant or discordant matter from a statute and to confine the statute to the single subject disclosed in the title. *Davis.* v. *State,* 7 Md. 151; *State* v. *Norris,* 70 Md. 91; *Mealey* v. *Hagerstown,* 92 Md. 744.

The purpose of the act in this case, as seen from its title, is one of public improvement, and when its title is considered in connection with the subject-matter of the body of the act, it contains but one subject and that is public improvement and the construction of highways and streets.

This brings us to the second objection to the validity of the act, and that is, does it authorize the taking of private property for uses other than public uses.

The complete answer to this objection, it seems to us, is that the act does not authorize the condemnation of private property by the city for any purpose other than a public use.

Section 1 of the act states the purpose for which property may be taken by the city, and that is clearly stated to be for the purpose of constructing the highway over Jones' Falls, its connections with streets crossing said highway, and to acquire "for said purposes land or other property in the bed of the highway and adjacent thereto."

The use of the expression "to acquire for said purposes" in the act plainly limits and designates the purpose for which property may be taken by the city, and as we have said, for the purpose of constructing a public highway over Jones' Falls and connect it with other public streets crossing it.

In other words, we think, it is clear that the only purposes for which property is authorized to be condemned are those set out in section 1 of the act, to wit, for the purpose of establishing a public highway over Jones' Falls and making connections between said highway and other highways crossing or adjacent thereto. And this being so, there can be no possible or serious dispute that the use for which property may be acquired and can be taken under section 1 of the act is for a public use, and being for a public use the act is not open to the objections urged against it. *Baltimore* v. *Clunett,* 23 Md. 449; *Baltimore* v. *Brengle et al.,* 116 Md. 342; *Acts of 1908,* Chapter 166; *Arnsperger* v. *Crawford,* 101 Md. 258; *Webster* v. *Pole Line Co.,* 112 Md. 416.

There is nothing in the other sections of the act, which would lead to a different conclusion in this respect, or would in any way sustain the appellant's contention in this case. The words "landed and other property acquired" mentioned in the other sections of the act, manifestly refer and relate to landed or other property to be acquired "for the purposes" under section 1 of the act.

The validity of the power given by the act to acquire land or other property, adjacent to the highway, on either or both sides thereof, incident to and for the purposes of the construction of the highway and its connections, has uniformly been sustained and upheld by the courts. *St. James' Church* v. *B. and O. R. R.,* 114 Md. 442; *Baltimore* v. *Brengle,* 116

Md. 342; *Act of* 1908, Chapter 166; *Dolfield* v. *Western Md. R. R.,* 107 Md. 584.

It can not be assumed in this case that the city will undertake to condemn or take property for purposes other than those authorized by the act.  The presumption is that the city will act within its rights and not beyond them.  It will be time enough to pass upon this question when it properly arises before us.  *Webster* v. *Pole Line Co.,* 112 Md. 416; *Fell* v. *State,* 42 Md. 89.

The objections to the ordinance in this case, it will be seen, are the same as those urged to the Act of Assembly.  The title of the ordinance is almost identical with that of the act.

What we have said as to the validity of this act will also apply to the validity of the ordinance, and for these reasons it will not be necessary for us to discuss the objections to the ordinance.

The Act of Assembly being valid, the last ground relied upon by the appellant against the ordinance is without merit and need not be considered by us.

Finding no valid objection to either the Act of Assembly or the ordinance on the record in this case, the decree appealed against will be affirmed.

*Decree affirmed, with costs.*