THE MAYOR AND CITY COUNCIL OF BALTIMORE,
A MUNICIPAL CORPORATION, AND JAMES F.
THRIFT, COMPTROLLER,

vs.

EDWARD C. WOLLMAN ET AL.

*Title to statutes or ordinances: sufficient discription. Municipal
corporations: delegation of authority; legislative func-
tions and ministerial functions. Market stalls
in Baltimore City; rental; delegation of
authority; the clerks of markets.*

The title of an Act of Legislature, or an ordinance of the
Mayor and City Council of Baltimore, is sufficient if it gives a
description of the subject-matter; the title need not indicate or
disclose the details, agency or means by which the subject of the
Act is to be carried into effect.                          .p. 314

An ordinance of the Mayor and City Council of Baltimore
was entitled "An Ordinance to Repeal Secs. 4, 13, 16, 17, 112
and 113 of the Baltimore City Code of 1906, Art 23, title
'Markets,' and Ordains the Same with Amendments;" the ordi-
nance related wholly to markets, and the regulation of the rent-
als for the use of market stalls and their collection; *held that.*
such title was a sufficient description of the subject-matter of
the ordinance to answer the requirements of the City Charter
and of the Constitution.                                    p. 313

The right of municipal corporations to delegate their powers
rests upon the same principle, and is controlled by the same
limitations as control the power of the State to delegate its
legislative functions.                                     p. 316

Legislative or discretionary powers or trusts devolved by law
or charter on a municipal council or other governing body, can

not be delegated to others; but ministerial or administrative functions may be delegated by them to subordinate officials.

p. 315

Powers that are not imperative may be delegated to some subordinate body or officers.                                    p. 316

A legislature may authorize municipal corporations to delegate certain powers.                                               p. 316

Fixing the rent of market stalls in Baltimore City is an administrative, and not a legislative function, and may be delegated by the Mayor and City Council to the Clerks of the Markets.                                                        p. 316

But the Mayor and City Council in regulating the rentals for market stalls have not the power to impair obligations fixed by contract.                                               p. 318

Where an ordinance of the Mayor and City Council of Baltimore fixing market stall fees provides that the rents shall be due and payable on or before May 1st, and the ordinance was not passed and approved until the month of July, it is to be taken as only prospective in its operation and not as retrospective.                                                        p. 318

Where an ordinance is passed in pursuance of the charter powers of a municipality, the necessity and reasonableness of its passage is primarily committed to that body, and unless the ordinance is purely arbitrary, oppressive and capricious, the Courts will not interfere to prevent its enforcement.    p. 319

*Decided May 6th, 1914.*

Appeal from Circuit Court No. 2 of Baltimore City. (GORTER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*S. S. Field,* City Solicitor (with whom was *Robert F. Leach, Jr.,* Asst. City Solicitor, on the brief), for the appellants.

*Isaac Lobe Straus* (with whom was *Robert H. Carr,* on the brief), for the appellees.

BRISCOE, J., delivered the opinion of the Court.

The present appeal involves the validity and the construction of Ordinance No. 332, passed by the Mayor and City Council of Baltimore City, approved July 25th, 1913, and the several provisions thereof, prescribing certain regulations of the markets in Baltimore City.

The Ordinance in question, is set out in the Record, as Plaintiffs' Exhibit No. 1, and its title is as follows, "An Ordinance to Repeal Sections 4, 13, 16, 17, 112 and 113, of the Baltimore City Code of 1906, Article 23, title 'Markets,' and Re-ordain the Same With Amendments."

The plaintiffs below, are owners, tenants and licensees of certain stalls in the markets of the City, and seek by this proceeding to enjoin and restrain by injunction the defendants below, from in any way enforcing the Ordinance, upon the ground that it is unconstitutional, illegal and void.

The case was heard upon bill, answer and proof, and the Court below held certain sections of the Ordinance to be invalid, null and void, and from its decree, dated the 1st day of December, 1913, directing an injunction to issue restraining the defendants from enforcing the provisions of the sections of the ordinance which were declared invalid, this appeal has been taken.

The Court below, by the decree appealed against, held and declared, that section 1 of the Ordinance in so far as it repealed and re-ordained with amendments sections 13, 16 and 17 of Article 23 of the Baltimore City Code of 1906, title "Markets," to be invalid, and that said sections 13, 16 and 17 of Article 23, of the Baltimore City Code of 1906, as ordained or attempted to be ordained or be re-ordained by said section 1 of the Ordinance was invalid, null and void. Section 3 of the Ordinance was also declared to be invalid and void.

The validity of the Ordinance is assailed upon a number of grounds and these objections are set out, at considerable length in the plaintiff's bill. The bill in substance charges, as stated by the appellants in their brief:

(1) That the title of the Ordinance is insufficient.

(2) That the fixing of rents for the market stalls is a legislative function which could not be delegated to the clerk, with the approval of the Board of Estimates.

(3) That the Ordinance impairs the obligations of contracts.

(4) That said Ordinance will produce revenue in excess of the expenses of the markets.

(5) That Section 3, requiring the license year to date from May 1st, 1913, which was prior to the passage of the Ordinance, renders the Ordinance void.

(6) That the charges are arbitrary and unreasonable, and

(7) That the Ordinance is void because it makes the license date from May 1st instead of January 1st, under Section 59 of the charter.

We shall consider these objections in the order named, and as set out in the bill, in so far as it may be necessary, for the purposes of the conclusion, we have reached in the case. Some of them have been settled by previous decisions of this Court, and need but a passing comment.

As to the title of the Ordinance in question, we need only say, that we think its subject-matter is sufficiently set out and described in the title to answer the requirements of the Charter and of the Constitution. It will be seen, that sections 4, 13, 16 and 17 are Code sections of the Baltimore City Code, of 1906, and they are codified under the head of Part 1, "General Provisions Relating to Markets," as Article 23 of the Code. Ordinance No. 332, now under consideration, repeals and re-ordains these Code sections with amendments, and it is difficult to see how anyone could be misled by the title, in this Ordinance, as to the sections of the Baltimore City Code dealt with, and intended to be repealed and the amendments thereto.

It is well settled by the numerous cases dealing with this subject, that it is only the subject-matter of the Act that need be described in the title, and the title need not indicate or disclose the details, agency or means by which the subject of the Act is to be carried into effect: *Bond* v. *Baltimore,* 116 Md. 689; *Levin* v. *Hewes,* 118 Md. 626; *Worcester Co.* v. *School Commrs.,* 113 Md. 307; *Gould* v. *Baltimore,* 120 Md. 534.

The object and purpose of the Ordinance in question as its title disclosed, was to repeal certain sections of the Baltimore City Code of 1906, Article 23, title "Markets," and to re-ordain them, with certain amendments.

The amendment to section 4, of Article 23, of the City Code, transfers the duty of cleaning the market from the clerks of the market to the Commissioner of Street Cleaning and provides as follows:

> 4.   It shall be the duty of the Commissioner of Street Cleaning to see that all of the markets of Baltimore City are kept well cleaned and free from dirt, filth, snow and rubbish.   He shall perform such duties and obey such rules and regulations in respect to keeping the markets clean as may be prescribed from time to time by the Board of Estimates.

The amendment to section 13 of Article 23 of the City Code provides that the market clerks, with the approval of the Board of Estimates, shall have power to fix the rent of all stalls in any market of Baltimore City, instead of the clerks of the several markets, with the consent of the Mayor.

Code, section 13, of Article 23, was as follows:

> 13.   The Clerks of the several markets, with consent of the Mayor, shall have power to fix the rent of all stalls, stands and benches, not enumerated in this Article, provided, that the rent for all street stalls in all markets shall be five dollars ($5) per annum, including license.

Code, section 13, as amended, reads as follows:

13.  The Clerks of the several markets, with the approval of the Board of Estimates, shall have power to fix the rent of all stalls, stands, shambles, benches or places in any market of Baltimore City; provided that no rent shall be charged for street stalls, the occupants of which shall pay an annual license, and an annual charge in lieu of per diem, hereafter provided for.  But nothing in this section shall prevent the Mayor and City Council of Baltimore, at any time hereafter, from fixing by ordinance, the rent of all stalls, stands, shambles, benches or places in any market of Baltimore City.

It is contended upon the part of the plaintiffs below, that "the fixing of rent" of market stalls is a legislative and not an administrative power and duty and cannot be lawfully delegated by the Mayor and City Council of Baltimore to the clerks of the markets, with the approval of the Board of Estimates, as provided by the Ordinance.

The Court below held that the delegation of power or duty as contained in the amendment to section 4 of the Ordinance was a ministerial or administrative function and that this amendment was valid, but struck down the amendment to section 13, as a legislative function which could not be delegated.

By section 6 of the City Charter, Act 1898, Ch. 123, the Mayor and City Council of Baltimore is given very broad powers, "to license, tax and regulate all businesses, trades, avocations or professions."  "To erect, regulate, control and maintain markets and stalls, within the City of Baltimore."  "To lease, sell or dispose of any stalls or stands in any market in such manner and upon such terms as it may think proper."

The rule is plain and well established that legislative or discretionary powers or trusts devolved by law or charter on a council or governing body cannot be delegated to others, but ministerial or administrative functions may be delegated to subordinate officials.

In 28 *Cyc.* 277, it is said, the general rule seems to be, that powers which are not imperative may be delegated by the Common Council to some subordinate body or officer. It is now the recognized rule that the State may expressly authorize delegation of certain powers by the corporation. In the absence of such express authority the Council must itself exercise all discretionary powers, but this does not forbid the delegation of ministerial or administrative functions to subordinate officials.

In *Hitchcock* v. *Galveston,* 96 U. 8. 341, the Supreme Court, in dealing with a delegation of power by ordinance, said: "If the City Council had lawful authority to construct the sidewalks, involved in it was the right to direct the Mayor, and the chairman of the Committee on Streets and Alleys, to make a contract on behalf of the city doing the work. It is true, the Council could not delegate all the power conferred upon it by the legislature, but like every other corporation, it could do its ministerial work by agents. Nothing more was done in this case, and there was, therefore, no unlawful delegation of power."

The right to delegate power by municipal authorities rests upon the same principle and is controlled in the same way as the delegation of the legislative power by the State. *Jacksonville* v. *Ledwith,* 26 Fla. 193; *Cooley on Constitutional Limitations,* 294 *Gregg* v. *Laird,* 121 Md. 1; *People* v. *Trunk R'y Co.,* 232 Ill. 292; *Charleston* v. *Goldsmith,* 2 Speers, S. C. 428; *Baltimore City* v. *Gahan,* 104 Md. 152.

We think, that fixing the rent of market stalls in the City of Baltimore is an administrative and not a legislative function, and may be delegated to the clerks of the markets, as provided by the Ordinance in question. The power to rent the stalls in the markets of Baltimore City, was delegated by Ordinance No. 16 approved April 11, 1797, to the clerks of the several markets (p. 70 of Ordinances 1797 to 1802), and the power has been continued in some form, by subse-

quent city legislation. *City Code,* 1869, 1879, 1893 and 1906.

In *Jacksonville* v. *Ledwith,* 26 Florida, 193, a public market Ordinance containing somewhat similar provisions as those in section 13 of this Ordinance, was sustained and held valid. The Ordinance contained the following provision, "That stalls, tables or space in this market shall be rented to butchers or others desiring to hire the same by the month or such longer period as may be desirable, upon such terms and for such sums as the Board of Public Works shall determine." *Kramrath* v. *City of Albany,* 127 N. Y. 575.

We come now to Code, sections 16 and 17, as amended by the Ordinance. Section 16, as amended, deals with the per diem charge, and as stated, imposes an annual charge in lieu of the ten cents per day, formerly collected, or supposed to be collected, by the market clerk; the annual charge to be payable either all at once or monthly to the Comptroller, this annual charges amounting to a little less than the per diem formerly chargeable; but the amended Ordinance puts this charge on all the stall owners, not excepting the butchers, heretofore excepted in the prior provision.

Section 17 as amended, deals with the license charge, and fixes the amount of the annual license at ten dollars, instead of five, and substitutes the Board of Estimates for the Mayor. It is a copy of Code, section 17, with the exception that the license is made ten dollars per annum instead of five and the Board of Estimates is substituted for the Comptroller.

These sections, we think, are free from the objections urged against them, and the Court below committed an error in holding them invalid.

The Mayor and Council could not by ordinance authorize the clerks of the markets, with the approval of the Board of Estimates, to increase the rent of any stall, where the annual rent had been fixed by the contract of sale and purchase. It is admitted by the appellant, that the ordinance only empowers the fixing of the rent of all stalls not fixed by

contract. The Ordinance as thus construed, that is, as applying only to stalls as to which the rent is not fixed by con· tract, would not be open to the contention that its enforcement would impair the obligation of a contract, and with this construction it will not be necessary for us to discuss further this objection to the ordinance.

As was said by this Court, in *Bond* v. *M. & C. of Baltimore,* 116 Md. 690, it cannot be assumed in this case that the City will undertake to condemn or take property for purposes other than those authorized by law. The presumption is that the City will act within its rights and not beyond them.

Section 3 of the Ordinance provides that the license fees hereinbefore provided for shall be due and payable as of May 1st, 1913. The Ordinance was approved on July 25th, 1913.

It is earnestly insisted that this section is invalid; first, because it retroactively changes vested rights conferred by existing laws, and, secondly, because it is in conflict with section 59 of the City Charter, which provides, "that all licenses imposed by Ordinances shall be due and collectable in the first week in January in each year, and it shall be the duty of said collector of water rents and licenses to see that said licenses were paid at that time."

While we do not think that the market license fees provided for by the Ordinance can be payable and collectable as of May 1st, 1913, under an Ordinance passed and approved on July 25th, 1913, there can be no difficulty, however, in holding that the Ordinance would take effect and operate prospectively. At least, this objection would not be a ground or reason for holding the Ordinance as invalid in this case and thus declaring it void.

Nor do we think that section 59 of the Charter set out herein applies to market licenses. In *Meushaw* v. *State.* 109 Md. 92, we held, that this section applies to purely license taxes. The license fee, as provided by the Ordinance

is for the use of a stall * * * for a definite period, and the license is also evidence of title in the grantee or assignee thereof to the stall * * * and does not fall within the provisions of section 59 of the City Charter. The section provides that it shall be the duty of the collector of water rents and licenses to see that the licenses are paid at that time, and it appears, therefore, that this section applies to licenses to be collected by the collector of water rents and licenses, and not to market license. Market licenses in the City of Baltimore have been collected for many years by the Comptroller and have been dated as of May 1st. *City Code,* 1906, Art. 23, secs. 71 and 101, secs. 82, 91 and 92, as amended by Ordinance 283, May 20th, 1907.

The fourth and sixth objections are clearly without force. The necessity and reasonableness of an Ordinance when passed in pursuance of the Charter powers of a municipality, is primarily committed to the Council, and unless the Ordinance is purely arbitrary, oppressive or capricious the Courts will not interfere to prevent its enforcement. *Gould* v. *Baltimore,* 120 Md. 534; *Richmond R. R.* v. *City of Richmond,* 94 U. S. 734; *Meushaw* v. *State,* 109 Md. 91; *Etchison* v. *Mayor of Frederick, ante* page 283.

We find nothing in the terms or provisions of the Ordinance here in question, that would authorize a Court to declare the charges as fixed, as excessive, arbitrary or unreasonable. It appears that as to all the eave stalls and the permanent stalls, they are only $5 a year more than they were before; as to the butchers, who pay the most, the highest that anyone pays is only $48 a year altogether, or 16 cents per day.

It therefore follows for the reasons we have stated, that the Court below committed an error in holding sections 1 and 3 of the Ordinance here in question as invalid, and in granting an injunction to restrain its execution and enforcement. The decree will be reversed and the bill dismissed.

*Decree reversed, and bill dismissed,*
*with costs.*