## LARRABEE et al. v. BELL et al.

(Court of Appeals of District of Columbia. Submitted December 9, 1925. Decided January 4, 1926.)

No. 4270.

1. **District of Columbia** ⬅19—**Notice of hearing on petition to change zoning regulations, not signed by zoning commissioners individually, held sufficient (Zoning Act March 1, 1920, §§ 4, 5 [41 Stat. 500]).**

Under Zoning Act March 1, 1920, §§ 4, 5, giving of notice by zoning commission of hearing on petition to change zoning regulations is purely ministerial, and notice given by chairman under authority of regulation adopted by commission is sufficient, though not signed by commissioners individually.

2. **Municipal corporations** ⬅62—**Exercise of discretion cannot be delegated, though exercise of ministerial functions may be.**

Exercise of discretion vested in officer, governing body, or commission cannot be delegated, though authority to exercise ministerial functions may be.

3. **District of Columbia** ⬅19—**Validity of proceedings to change zoning regulations held not affected by motive of commission (Zoning Act March 1, 1920, §§ 4, 5 [41 Stat. 500]).**

Under Zoning Act March 1, 1920, §§ 4, 5, motive prompting commission to initiate proceedings to change regulations is immaterial, and fact that proceedings were instituted at instance of architect, rather than owner of property affected, does not affect validity thereof.

4. **District of Columbia** ⬅19—**Zoning commission's reasonable exercise of power cannot be controlled by courts (Zoning Act March 1, 1920, §§ 4, 5 [41 Stat. 500]).**

Zoning commission's reasonable exercise of power to initiate proceedings to change regulations conferred by Zoning Act March 1, 1920, §§ 4, 5, cannot be controlled by courts.

5. **District of Columbia** ⬅19—**Property held unaffected by change in zoning regulations made after application for building permit (Zoning Act March 1, 1920, § 5 [41 Stat. 500]).**

Property, plans for construction of building on which were on file with inspector of buildings, and as to which application for building permit was pending when change in zoning

regulations was made, *held* within Zoning Act March 1, 1920, § 5, and unaffected by the change, nor is saving provision of that section, referring to "orders and regulations authorized by this act," applicable only to original regulations and orders.

**6. Constitutional law ⬅278(1)—Eminent domain ⬅2(1)—Zoning Act held not deprivation of private property, in violation of Constitution (Zoning Act March 1, 1920 [41 Stat. 500]; Const. Amend. 5).**

Zoning Act March 1, 1920, and action of zoning commission thereunder, *held* not a deprivation of private property, in violation of Const. Amend. 5.

Appeal from Supreme Court of District of Columbia.

Suit for injunction by Ruth Estelle Loop Larrabee and others against J. Franklin Bell and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

C. E. Emig, Arthur Hellen, R. R. Perry, and Chauncey Hackett, all of Washington, D. C., for appellants.

F. H. Stephens, J. C. Wilkes, R. G. Donaldson, Hayden Johnson, C. L. Frailey, and V. E. West, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This case involves the orders of the zoning commission of the District of Columbia, fixing the height of an apartment house, to be erected at the corner of Massachusetts avenue and Twenty-First street, in the city of Washington.

On August 30, 1920, the zoning commission made an order placing the land in square 67, the property here in question, fronting on Massachusetts avenue, in the 85-foot height district, thus limiting the height of buildings to be erected on said land to not exceeding 85 feet in height. By the same order the land in the same square, fronting on Twenty-First street, was placed in the 55-foot height district.

On September 9, 1922, one J. M. Donn, an architect, having in charge the designing of the apartment house in question, made application to the zoning commission to extend the 85-foot height district to embrace the lots facing on Twenty-First street, in order that the land required for the apartment should all be brought within the 85-foot zone. Pursuant to Donn's request, public notice was given that a "public hearing would be held at the board room of the District Building, at 10 a. m., October 19, 1922, for the purpose of considering" the proposed changes. A hearing was had, and no one appeared in opposition to the proposed change. Accordingly, on the following day, the zoning commission authorized the change to be made.

A further order, after public notice and hearing, was made on November 22, 1923, amending the zoning regulations to increase the 55-foot height district to 60 feet, and the 85-foot district to 90 feet. This, of course, operated to raise the permissible height of the building here in question to 90 feet. Subsequently, on February 20, 1924, the owners of property in the vicinity of Twenty-First street and Massachusetts avenue petitioned the zoning commission to rezone Massachusetts avenue, between Dupont Circle and Sheridan Circle, and place it in the 60-foot district. After public hearing, the petition, on March 21, 1924, was granted. On March 4, 1924, prior to the order rezoning this district, the appellee, defendant below, 2100 Massachusetts Avenue, Incorporated, made application to the inspector of buildings, for a permit to erect the building here in question, and on March 10th it made application to the engineer department of the District for a permit to excavate for the proposed building. Plans were filed in the office of the inspector of buildings on March 15, 1924. A permit was duly issued to defendant corporation on March 22, 1924.

The present action was brought to restrain the defendant corporation from erecting said apartment house to a height in excess of 55 feet. From a decree denying the injunction, except as to a small portion of the land, not here in controversy, this appeal was taken.

Section 4 of the Zoning Act of March 1, 1920 (41 Stat. 500), provides: "That after the public hearings herein provided for shall have been concluded, said commission shall definitely determine the number and boundaries of the districts which it is hereby authorized and directed to establish, and shall specify the height and area of the buildings which may thereafter be erected therein, and shall prescribe the purposes for which such buildings thereafter erected may or may not be used. Said district so established, shall not be changed except on order of said commission after public hearing. Said commission may initiate such changes, or they may be initiated upon the petition of the owners affected. Where the proposed change is to add a contiguous area to a use, height, or area district, the owners of at least 50

per centum of the street frontage proposed to be changed must join in the petition: Provided, that if the frontage proposed to be changed is not a contiguous area, the owners of at least 50 per centum of a frontage within the area not less than 3 blocks in length must join in such petition before it may be considered by said commission. No such change shall be made, either by said commission on its own motion or upon such petition, except with the unanimous vote of said commission, if the owners of at least 20 per centum of the frontage proposed to be changed protest against such change."

Section 5 of the act empowers the commission to make orders and regulations to accomplish the purposes and carry into effect the provisions of the act, providing, however, "that no order or regulation so adopted shall require any change in the plans, construction, or designated use of (a) a building for which a permit shall have been issued, or plans for which shall be on file with the inspector of buildings of the District of Columbia at the time the orders or regulations authorized under this act are promulgated; or (b) a permit for the erection of which shall be issued within thirty days after promulgation of the orders or regulations authorized or adopted under this act."

[1] The validity of the order increasing the height of the Twenty-First street property from 55 to 85 feet, based upon the request of Donn and the notice and hearing made in pursuance thereof, is assailed. It is insisted that the notice was insufficient, in that it was not signed by the members of the commission individually. The names of four members of the commission were attached to the notice by the executive officer, and attested by him. The notice was given in accordance with a regulation adopted by the commission on May 5, 1922, wherein the executive officer, with the approval of the chairman of the commission, was authorized to grant and advertise public hearings as to changes in zoning maps and regulations, with the further provision that if in the opinion of the chairman it seemed advisable, the request for a hearing should be submitted to the entire commission prior to the public hearing. No such request appears to have been made in this case.

[2] The giving of the notice under this regulation is a mere ministerial act and does not amount to a delegation of authority by the commission of either legislative or discretionary power. It is well settled that where discretion is vested in an officer or governing body or commission, the exercise of such discretion cannot be delegated to another, but where the authority conferred upon subordinates and agents consists in the exercise of merely ministerial and administrative functions, such authority may be legally conferred. McQuillin on Municipal Corporations, § 387; Baltimore v. Wollman, 91 A. 339, 123 Md. 310; Harcourt v. Asbury Park, 40 A. 690, 62 N. J. Law, 158. Indeed, it has been held that where a notice of this sort was illegally given, and the order made in pursuance thereof was subsequently acquiesced in, such acquiescence amounts to a ratification and validation of the order. Marshall County v. Schenck, 72 U. S. (5 Wall.) 772, 18 L. Ed. 556.

[3, 4] The action of the zoning commission is also assailed, on the ground that the notice was given at the instance of the architect of the building, who was not a property owner or resident of the district affected. It will be observed, however, that the act of Congress creating the commission provides that proceedings of this nature may be initiated by the commission itself, and we think that is what was done in this instance. The court will not inquire into the motive which prompted the commission in initiating this proceeding, whether from its own observation of the premises, or at the suggestion of Donn, the architect, or of any other citizen. The power to initiate the proceedings is vested in the commission and it is immaterial what prompts the exercise of this power; hence the letter from Donn amounted to nothing more than an expression of opinion on his part, as to what in his judgment ought to be done. Whether the commission acted upon the suggestion, or not is immaterial. The power resided in it to initiate these proceedings, and the reasonable exercise of that power cannot be controlled by the courts.

[5] The order decreasing the height from 90 feet to 60 feet, on Massachusetts avenue between Dupont Circuit and Sheridan Circle, could not affect the present property, inasmuch as the plans for the building were on file with the inspector of buildings, and an application for a permit was pending at the time this order was made, bringing defendants clearly within the provisions of section 5 of the Zoning Act, which excludes from the operation of any order or regulation a building for which a permit has been issued, or plans for which are on file with the inspector of buildings at the time the orders or regulations authorized are promulgated. We are not impressed with the contention of coun-

sel for plaintiffs that this limitation applies only to the original regulations and orders adopted by the commission, and not to succeeding regulations and orders. The language of the statute refers to "orders and regulations authorized under this act," and the act provides for succeeding orders and regulations either as original orders or those in modification of orders and regulations already in force. All the orders made in this case were authorized by the act; hence defendant corporation's land being within the 90-foot height district at the time its plans were filed in the inspector's office, and application for a permit was made, brings it clearly within the provisions of section 5 of the act.

[6] It is insisted that the action of the commission in this case deprives plaintiffs of their property rights in violation of the Fifth Amendment of the federal Constitution. While it is true that statutes of this sort are in the nature of police regulations and can only be enforced in strict compliance with the terms thereof, we are convinced that there has been no such departure from the letter of the statute by the commission as would bring the action herein taken within the limitations of the Fifth Amendment, nor does the statute itself, in terms of enforcement, amount to such a deprivation of private property as to invalidate it in the light of the Constitution. Zoning acts similar to the one here in question have uniformly been upheld as a proper exercise of police power.

The decree is affirmed, with costs.