**GOLF, Inc., et al. v. DISTRICT OF COLUMBIA.**

**No. 5986.**

Court of Appeals of the District of Columbia.

Argued Oct. 3, 1933.

Decided Nov. 6, 1933.

576

Ringgold Hart, of Washington, D. C., for plaintiff in error.

William W. Bride, Corp. Counsel, Vernon E. West, Principal Asst. Corp. Counsel, and Edward W. Thomas, Asst. Corp. Counsel, all of Washington, D. C., for District of Columbia.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

The plaintiff in error, hereinafter called the corporation, was convicted and fined by the police court of the District of Columbia upon an information charging it with unlawfully maintaining and operating a public golf driving course upon premises located in a residential district, in violation of the lawful zoning regulations of the District of Columbia.

The case is before us for review upon an agreed statement of facts.

The premises in question are known as squares 2963 and 3178 in the District of Columbia, located on the east side of Georgia Avenue Northwest. Square 2963 adjoins the avenue and extends 440 feet eastward from it. For a depth of 100 feet next adjacent to the avenue the square is zoned as first commercial, while the residue of the square is zoned as residential A restricted. Square 3178 has a depth of 475 feet and is immediately east of and adjacent to square 2963; it

is zoned throughout as residential A restricted.

On August 24, 1931, the corporation obtained from the inspector of buildings for the District of Columbia a permit to build toilets and a toolroom on the first commercial area of square 2963, for use in connection with a golf driving course. On September 1, 1931, a certificate of occupancy for such buildings was issued to the corporation, and on the same day a license for the use of the commercial area for a golf driving course was issued to the corporation by the superintendent of licenses for the District of Columbia.

The buildings mentioned in the certificate of occupancy were constructed upon the 100-foot commercial area of square 2963, and six iron poles 20 feet high were erected thereon, each having at the top two electric flood lights of 1,000 candle power. Thirty-four "teeing-off" locations were also established upon the 100-foot commercial area of the square, from which to drive golf balls, for the use of which the patrons were charged at regular fixed rates. A public golf course was thereby established and the patrons drove the golf balls from the tees located on the commercial property over and upon the residential property comprising the residue of square 2963 and all of square 3178. In connection therewith a wire fence was constructed upon the residential area about 225 yards east of the first commercial area, and employees were retained to retrieve the golf balls driven on and over the residential area; the employees carrying iron shields for their protection while engaged in such service. The electric lights located upon the commercial area were so placed and manipulated as to light the residential area thus used.

It appears that on August 12, 1931, the corporation leased squares 2963 and 3178 and other adjacent squares from the owner for $2,000 a year for two and a half years, and expended $5,337.02 for the improvements and necessary equipment for this set-up, and that the premises were leased after the officers of the corporation had been informed by officials of the District of Columbia that the building permits, the occupancy permits, and the license above named would issue to it.

However, no certificate of occupancy nor license was ever issued to the corporation for the use of the residential area east of the commercial strip in square 2963, nor for any part of square 3178.

It appears that both squares were zoned as aforesaid on the 1st day of September, 1931, and until leased by the corporation

herein the land comprising them had for many years been used exclusively for agricultural purposes.

Upon these facts the lower court found the corporation guilty of a violation of the zoning regulations of the District of Columbia as charged in the information.

The corporation concedes that the zoning commission of the District of Columbia, created by Act of Congress approved March 1, 1920, 41 Stat. 500 (as amended, D. C. Code 1929, T. 25, § 521 et seq.), was given authority to divide the District of Columbia into certain districts to be known respectively as "height," "area," and "use districts"; and that under such authority the zoning commission divided the District into four use districts, to wit, residential, first commercial, second commercial, and industrial; and that a golf driving course is not listed as a permitted use in a residential district. The corporation furthermore concedes that the zoning regulations promulgated by the commission as a whole are constitutional, but contends that the regulations upon which this prosecution was instituted are arbitrary and unreasonable, and not a proper exercise of the police power with reference to the particular case before the court; and that they place a restriction upon the rights of the landowner which has no substantial relation to the public health, safety, morals, or public welfare; and that they effect a deprivation of the owner's rights of property without due process of law, in violation of the Fourteenth Amendment of the Constitution of the United States.

■ We think these contentions are not supported by this record. No facts are presented by the stipulation herein which tend to establish that the regulations in question are unreasonable or arbitrary. There is no showing of any circumstances or conditions surrounding the property herein involved, nor any other property similarly or otherwise zoned in the District. In the absence of such a showing the court cannot assume that the action of the zoning commission was arbitrary and unreasonable, for the presumption of law in the absence of evidence is to the contrary. Montz v. District of Columbia, 20 App. D. C. 568.

■ It is also contended by the corporation that the regulations are discriminatory in that they permit the use of lands in residential zones in the District of Columbia for public recreational purposes, but deny a similar use to private individuals.

We cannot agree with this contention. A use of public parks or recreational grounds in a residential area for the common benefit of all the people of the District is not to be compared with the use of lands by a private corporation for its exclusive profit in a manner forbidden by the zoning regulations.

■ It is also contended by the corporation that the District should be estopped from prosecuting it for the alleged violation of the zoning regulations for the reason that the corporation acted in good faith under affirmative acts of the municipal corporation and made expensive improvements in reliance thereon.

We cannot agree with this contention. The acts of the District authorities all related to the use by the corporation of that part of square 2963 which was zoned as commercial area, wherein such a use is permitted by the zoning regulations. The certificate of occupancy and the license to build related solely to that area. The District was not put upon notice thereby that the corporation intended to make use of the residential area adjacent to the commercial area as a public golf course. It issued no license or certificate for such a purpose, nor did it receive any fee or charge based thereon, nor did it mislead the corporation or its officers in any particular with reference to the action of the District in the premises.

■ Moreover, it is uncontradicted that the corporation used the residential area of the two squares in question without first obtaining an occupancy permit for this purpose. The land had been used theretofore exclusively for agricultural purposes. Accordingly its use by the corporation as a golf course was a different use from that to which the land had been put. Under section 8 of the Zoning Act of March 1, 1920 (41 Stat. 500 [D. C. Code 1929, T. 25, § 528]), it was unlawful for the corporation to apply the premises to this changed use until a certificate of occupancy should be issued by the authorities of the zoning commission. When the corporation converted the land into a public golf course without first obtaining a certificate of occupancy, it violated the provisions of the Zoning Act and incurred the penalty herein imposed.

The judgment of the lower court is therefore affirmed.