**HAGANS v. DISTRICT OF COLUMBIA.**

Nos. 1332, 1333.

Municipal Court of Appeals for the
District of Columbia.

Argued May 11, 1953.

Decided June 22, 1953.

Lola Boswell, Washington, D. C., for appellant.

Edward A. Beard, Asst. Corp. Counsel, Washington, D. C., with whom Vernon E. West, Corp. Counsel, and Chester H. Gray, Principal Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant was convicted on two informations, the first of which charged her with engaging in the business of conducting a rooming house without first having obtained a license to do so, and the second charged her with failure to obtain a certificate of occupancy as required by Section XX of the Zoning Regulations.[1] At trial it was shown that appellant was the owner and occupant of the premises named in the informations; that her house was located in a residential "A" restricted zoning use district;[2] that during the periods named in the informations she rented rooms to six persons not members of her family; and that during these periods appellant had neither an occupancy permit for such use nor a license to operate a rooming house.

Appellant has assigned three errors. Her contentions may be summarized as follows: (1) Under the Zoning Act of 1920,[3] the Zoning Commission could not lawfully restrict the use of appellant's premises. (2) Although the Zoning Act of 1938[4] might give such authority to the Zoning Commission, that Act guarantees the continuation of appellant's non-conforming use. (3) Because appellant was denied a rooming-house license on the ba-

sis of an invalid regulation of the Zoning Commission, this denial was wrongful, and therefore appellant cannot be convicted for her failure to obtain such license.

The relevant facts are undisputed. Appellant states in her brief that she obtained a lease on the premises in question in 1935 and a year later purchased the house. Since that time she has been taking in roomers in order to make her living and pay for the house. There is nothing in the record to show when she first obtained a rooming-house license, but appellant states that such licenses were issued to her during the war and up until 1951. Further, there is no dispute that she was operating a rooming house within the definition set forth in the regulations of the Commissioners of the District of Columbia.[5] A similar definition was held reasonable in Savage v. District of Columbia, D.C.Mun. App., 54 A.2d 562.

In support of her first contention, appellant quotes at length from the debates in Congress preceding the enactment of the Zoning Acts of 1920 and 1938. From these she argues that Congress had no intent that the Act of 1920 should be used to restrict the use of private homes so that a citizen could not take roomers into her home if she so desired. A study of these quotations leads us to no such conclusion. Also, a reading of the statute itself and the cases construing it show that the restrictions of the Zoning Commission are a valid exercise of the power granted to the Commission by Congress. The Zoning Act of 1920 gave to the Zoning Commission the power to divide the city into certain districts "specifying * * *

---

1. "Hereafter, no person shall use any building, land or premises, or part thereof, for any purpose except as a single family dwelling until the Inspector of Buildings shall, upon written application, have issued to such person a Certificate of Occupancy * * *."

2. Section XV(a) forbids the use of a building in this type district as a lodging or boarding house.

3. Act of March 1, 1920, 41 Stat. 500.

4. Act of June 20, 1938, 52 Stat. 797, Code 1951, 5-412 et seq.

5. "The term 'rooming house' means any building or part thereof, other than a hotel, containing sleeping accommodations occupied for a consideration by or offered for occupancy for a consideration to 5 or more persons who are not members of the immediate family of the owner or lessee of such building or part thereof, and which accommodations are not under the exclusive control of the occupants thereof." C. O. 301,260/10, September 14, 1948.

the purposes for which buildings and premises therein may be used". That such divisions of a city may be made as a valid exercise of the police power has long been settled.[6] Further, the presumption is that the regulations and acts of the Zoning Commission are reasonable and not arbitrary. Golf, Inc., v. District of Columbia, 62 App.D.C. 309, 67 F.2d 575. In the absence of a showing by the appellant that such acts were arbitrary and unreasonable her defense must fail. Garrity v. District of Columbia, 66 App.D.C. 256, 86 F.2d 207. Guided by these rules, we cannot say that appellant has shown the regulations of the Zoning Commission which forbid the operation of a rooming house at appellant's location to be arbitrary or unreasonable.

■ Appellant's second contention that the Act of 1938 guarantees a continuation of her prior non-conforming use cannot be sustained, as there was no showing that she had such a prior use. The statute states that the lawful use of a premises prior to the adoption of any regulation under the 1920 or 1938 Acts "may be continued although such use does not conform with the provisions of such regulation".[7] This section is binding on the Zoning Commission, and if a party can show a prior non-conforming use, he is entitled to a certificate of occupancy. District of Columbia v. Cahill, 60 App.D.C. 342, 54 F.2d 453; Wood v. District of Columbia, D.C.Mun.App., 39 A.2d 67. But in both of the above cases, it was shown that the premises in question had been used in the same manner long before the passage of the first zoning act in 1920. There was no such showing in the present case. Appellant states in her brief that she has been using her home as a rooming house since 1935. But there is nothing in the record to support that statement. Assuming it to be true, there was still no proof that her use was prior to any regulation which made such use unlawful.

■ Section XXIII of the Zoning Regulations permitted a rooming house to be maintained in an "A" restricted area as an exception, but the right to such use terminated on June 30, 1950. It was under this relaxation of the zoning plan that appellant obtained her certificate of occupancy during and after the war. But this regulation was merely an exception to the restriction on rooming houses in appellant's neighborhood. As to when rooming houses were first restricted in appellant's location, there was no showing at trial. Therefore if appellant wished to rely on Section 419 as a defense, the burden was on her to prove that she was operating a rooming house prior to the initial restriction of such use by the Zoning Commission, as it is incumbent upon a defendant to show that he comes within an exception to the statute.[8]

■■ Appellant's last contention has no basis in law or in the facts of this case. As we have seen, she was correctly refused a certificate of occupancy under Section XX of the Zoning Regulations. Therefore, the Commissioners had a valid reason for refusing to grant her a license to conduct a rooming house. But even if their refusal to issue the license was wrongful, appellant had no right to continue her business without such a license. The Supreme Court recently held[9] that when a person is arbitrarily refused a license under a valid statute, if he proceeds in his activity without first obtaining the license, he may be prosecuted for his failure to have such a license, even though it was originally wrongfully withheld. Thus appellant's conviction for failure to obtain a license would stand, even if it had been wrongfully withheld from her.

Affirmed.

6. Village of Euclid, Ohio, v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L. Ed. 303; Larrabee v. Bell, 56 App.D.C. 121, 10 F.2d 986.

7. Code 1951, 5–419.

8. Williams v. United States, 78 U.S.App. D.C. 147, 138 F.2d 81, 153 A.L.R. 1213; Bush v. District of Columbia, 78 A.2d 234.

9. Poulos v. State of New Hampshire, 345 U.S. 395, 73 S.Ct. 760, 97 L.Ed. ——.