Thomas D. McCLOSKEY
and
1717 Massachusetts Avenue, N.W., Inc.,
Plaintiffs,

v.

Samuel SCRIVENER et al., Defendants.

Civ. A. No. 365-65.

United States District Court
District of Columbia.

March 2, 1965.

Sellers, Conner & Cuneo, Washington, D. C., for plaintiffs.

Chester H. Gray, Corporation Counsel, Washington, D. C., for defendants.

LEONARD P. WALSH, District Judge.

This matter comes before the Court on a motion for a preliminary injunction wherein plaintiffs seek to enjoin Chester Gray, Corporation Counsel for the District of Columbia, and a defendant herein, from proceeding with the prosecution of the plaintiffs in the District of Columbia Court of General Sessions.

█ Plaintiffs in the case before this Court have filed a complaint for a declaratory judgment asking this Court to review a determination of the Board of Zoning Adjustment that a certificate of occupancy should not issue for premises 1717 Massachusetts Avenue, N. W., presently owned by plaintiff McCloskey and leased by him to the Federal Government. Plaintiff contends that no such certificate is required because the Federal Government is exempt from the District of Columbia Zoning laws, or, in the alternative, that the Board of Zoning Adjustment should be required to issue a certificate as a matter of law, for the same reason. This Court, acting on its general equity powers and not on any statutory authority, is the only proper forum to review decisions of the Board of Zoning Adjustment. Jarrott et al. v. Scrivener et al., 225 F.Supp. 827 (D.C. D.C., 1964).

The contemplated prosecution in the Court of General Sessions is for alleged violation of Title 5, Section 422, of the

District of Columbia Code, which states in pertinent part as follows:

" * * * It shall be unlawful to erect, construct, reconstruct, alter, convert, or maintain or to use any building, structure, or part thereof or any land within the District of Columbia in violation of the provisions of said sections [other relevant sections of the Code] or of any of the provisions of the regulations adopted under said sections. The owner or person in charge of or maintaining any such building or land or any other person who erects, constructs, reconstructs, alters, converts, maintains, or uses any building or structure or part thereof or land in violation of said sections or of any regulation adopted under said sections, shall upon conviction for such violation on information filed in the Municipal Court for the District of Columbia [now the Court of General Sessions] by the corporation counsel or any of his assistants in the name of said District and which court is hereby authorized to hear and determine such cases be punished by a fine of not more than $100 per day for each and every day such violation shall continue. * * * ".

Plaintiffs are presently scheduled to appear in the Court of General Sessions on March 18, 1965. If convicted of all counts charged in the information they could be fined a maximum of $1,200.00.

This Court is of the opinion that a dual jurisdiction exists and that this Court should not interfere in any way with the proceedings before the Court of General Sessions. In addition, this Court is not impressed by plaintiffs' claim of irreparable injury and harassment.

As noted above, this Court is the only proper forum to review the validity of the action of the Board of Zoning Adjustment. In so doing, it will determine whether a certificate of occupancy should have been issued as a matter of law or if none is required at all in these circumstances. Whatever the decision of this Court on these issues might be, it can in no way affect the function of the Court of General Sessions in performing its duty of determining whether these plaintiffs have violated the law by acting before their rights were finally adjudicated. See Hagans v. District of Columbia, 97 A.2d 922 (D.C.Mun.App., 1953).

Accordingly, for the above reasons, it is this 2nd day of March, 1965,

Ordered, that plaintiffs' motion for a preliminary injunction be, and the same hereby is, denied.