Bernard RIES, Appellant,

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 4204.

District of Columbia Court of Appeals.

Argued May 8, 1967.

Decided June 13, 1967.

Bernard Ries, appellant pro se.

David P. Sutton, Asst. Corporation Counsel, with whom Charles T. Duncan, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel at the time the

---

brief was filed, and Hubert B. Pair, Asst. Corporation Counsel at the time the brief was filed, were on the brief, for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired).

MYERS, Associate Judge.

Appellant seeks here a reversal of his conviction[1] for failing to comply with the restriction imposed on his automobile operator's permit that he drive only when wearing proper glasses or contact lenses.[2]

Appellant does not dispute that when charged he was driving without his glasses, but he contends that in view of the results of an ophthalmological examination he had a week before trial which revealed that the corrective glasses, heretofore prescribed and generally worn by him, were no longer needed for driving, he had a right to disregard the restriction and that it was not necessary that he first apply to the Director of Motor Vehicles to have the limitation removed.[3]

Appellant does not challenge the statutory authority of the Director of Motor Vehicles, as the designated agent of the Commissioners of the District of Columbia, in the interest of promoting safe driving and for the protection of the public, to promulgate regulations and prescribe standards for the issuance of drivers' permits,[4] including the requirement that a driver, when his vision requires it, wear corrective glasses. When the Director has granted an individual the privilege to drive in the District subject to such a restriction, public interest clearly dictates that such person may not unilaterally determine for himself when he may ignore the restriction. If he wishes to be relieved of any limitation imposed upon him, he must apply to the Director to have it removed and furnish satisfactory evidence that it is no longer necessary. Until the Director determines that the safety of the public no longer requires imposition of the restriction, he must abide by it. For his failure to do so, he may be prosecuted.[5]

As we find that both the evidence and the law support the judgment of conviction, it is

Affirmed.

1. The trial judge suspended imposition of sentence.

2. Sec. 157(k), Traffic & Motor Vehicle Regulations of the District of Columbia, provides that "[n]o individual whose permit to operate a motor vehicle in the District of Columbia is subject to any restriction * * * shall operate a motor vehicle in the District unless he * * * comply in every respect with such restriction * * * as may be imposed on the use of such restricted permit."

3. Following trial and after a hearing at the office of the Director, at which appellant produced the result of his latest optical examination and the opinion by his

doctor that it was unnecessary for him to wear glasses while operating a motor vehicle, a new permit was issued appellant without any restriction imposed on its use.

4. Sec. 40-301 D.C.Code (1961).

5. For similar result, see Hagans v. District of Columbia, D.C.Mun.App., 97 A. 2d 922, 924 (1953), where it was held that one who has been refused a permit to conduct a business and who proceeds to do so without a license cannot avoid criminal conviction even if the license was wrongfully withheld, citing Poulos v. State of New Hampshire, 345 U.S. 395, 73 S.Ct. 760, 97 L.Ed. 1105 (1953).